IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JULIE HOGAN                                                                                          PLAINTIFF

vs.                                        Civil No. 6:10-cv-06028

MICHAEL J. ASTRUE                                                                             DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Julie Hogan ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her disability applications on August 20, 2007.  (Tr. 10, 110-118). In her applications, Plaintiff alleged she was disabled due to the following: skin disease, high blood pressure, anxiety, depression, irritable bowel syndrome, endometriosis, temporomadibular joint

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

disorder ("TMJ"), dental problems, injuries from three automobile accidents, a rapid heart beat, possible stress fracture in upper back, and chronic pain. (Tr. 132). Plaintiff alleged an onset date of March 24, 2007. (Tr. 110, 114). This application was denied initially and again on reconsideration. (Tr. 71-74).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 90-92, 93-103). An administrative hearing was held on May 14, 2009 in Hot Springs, Arkansas. (Tr. 29-70). Plaintiff was present and was represented by counsel, Shannon Carroll, at this hearing. *Id.* Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") David Elmore testified at this hearing. *Id.* On the date of this hearing, Plaintiff was thirty-eight (38) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008); and had obtained her high school diploma, completed cosmetology school, and completed one semester in college. (Tr. 33-34).

On November 2, 2009, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 10-22). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through at least June 30, 2011. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 24, 2007, her alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: obesity, anxiety-related disorder, fibromyalgia, hidradenitis suppurativa[2], hypertension, mild right carpal tunnel syndrome, and focal left ulnar neuropathy at the elbow. (Tr. 13, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments listed

---

[2] "Hidradenitis suppurativa" is a skin disease characterized by "chronic, scarring inflammation of apocrine glands of the axillae, groin, and around the nipples and anus." *The Merck Manual* 983 (18th ed. 2006).

in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4 ("Listings").  (Tr. 13-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-21, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally, 10 pounds frequently; stand and walk 6 hours out of an 8 hour workday; sit 6 hours out of an 8 hour workday; and can occasionally climb, balance, stoop, kneel, crouch and crawl (20 CFR 404.1567(b) and 416.967(b)).  The claimant would also have the ability to perform work where interpersonal contact is routine but superficial; tasks are no more complex than those learned by experience and involving several variables; can use judgment within normal limits; and would require little supervision for routine tasks but detailed supervision for non-routine tasks.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"), and the VE testified at the administrative hearing regarding this issue.  (Tr. 21, Finding 6; 65-69).  Based upon the VE's testimony, the ALJ determined Plaintiff's PRW was as follows: Cashier II (light, unskilled) and Security Guard (light, semi-skilled).[3]  (Tr. 65-69).  Considering a hypothetical individual with Plaintiff's limitations, the VE also testified that such a hypothetical person retained the capacity to perform these jobs, both as they were actually and generally performed.  *Id.*  Based upon this finding, the ALJ determined Plaintiff retained the capacity to perform her PRW, and the ALJ determined Plaintiff had not been disabled within the meaning of the Act from March 24, 2007 through the date

---

[3] As reported by Plaintiff, both of these jobs were actually performed at the sedentary level.  (Tr. 21).

3

of his decision or through November 2, 2009. (Tr. 10-22).

Thereafter, on November 19, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4-6). *See* 20 C.F.R. § 404.968. On March 12, 2010, the Appeals Council declined to review the ALJ's unfavorable disability determination. (Tr. 1-3). On April 9, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 21, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year

and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff argues her case must be reversed and remanded and raises the following three points on appeal: (A) the ALJ erred by finding her impairments did not meet the

requirements of any of the Listings; (B) the ALJ improperly evaluated her RFC; and (C) the ALJ improperly evaluated her subjective complaints. ECF No. 10 at 1-21. In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence in the record, and Plaintiff's claims offer no basis for reversal. This Court will address all three of Plaintiff's arguments for reversal.

      **A.**      **Evaluation of the Listings**

Plaintiff claims the ALJ erred by finding her impairments did not meet the requirements of Listings 1.02 , 1.05, and 12.06. ECF No. 10 at 1-21. In making this argument, however, Plaintiff only makes the broad claim that she meets the requirements of these listings and has not referenced any specific medical evidence supporting her claim that her impairments meet or equal the requirements of any one of these listings. *Id.* Plaintiff has the burden of establishing her impairments meet or equal the requirements of one of these listings. *See Carlson v. Astrue,* 604 F.3d 589, 593 (8th Cir. 2010) (citation omitted). Clearly, by not providing any evidence supporting her claim that she meets these requirements, Plaintiff has not met her burden, and Plaintiff's bare claim on this issue could be summarily disregarded. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" the claimant's "conclusory assertion that the ALJ failed to consider" whether his impairments met the requirements of the listings because the claimant provided "no analysis of the relevant law or facts" regarding those listings).

However, even after reviewing the medical records in the transcript, this Court finds those records do not establish that Plaintiff's impairments meet or equal the requirements of Listings 1.02, 1.05, and 12.06. Indeed, Listing 1.02 applies to a "Major dysfunction of a joint(s) (due to any cause)" and requires a showing of a "gross anatomical deformity (e.g., subluxation, contracture, bony or

fibrous ankylosis, instability)." There is no indication from Plaintiff's medical records that she can demonstrate having such a gross anatomical deformity. Additionally, Listing 1.05 applies to a "Amputation (due to any cause")." Plaintiff does not claim, nor do her medical records establish, she has an amputated limb.

Finally, Listing 12.06 applies to severe "Anxiety-related disorders." This Court has reviewed Plaintiff's counseling records. While it does appear Plaintiff received anxiety-related treatment from 2001 until 2002, there is only one record dated *after* Plaintiff's alleged onset date of March 24, 2007.[4] Based upon this record, dated June 25, 2007, Plaintiff sought treatment for anxiety caused by her job of grooming dogs three days per week. (Tr. 227). In this record, Plaintiff's counselor noted that Plaintiff was "applying for disability," apparently had not been receiving any ongoing treatment for her anxiety, and was not currently taking medication for depression or anxiety. *Id.* Further, that record provides no indication Plaintiff's anxiety was of listing-level severity. Accordingly, this Court finds the ALJ's determination that Plaintiff does not meet the requirements of Listings 1.02, 1.05, or 12.06 is supported by substantial evidence in the record.

**B.  RFC Determination**

Plaintiff makes several claims regarding the ALJ's RFC determination. ECF No. 10 at 3-21. First, Plaintiff claims the ALJ "ignored" the RFC assessment completed by Dr. Eleanor A. Lipsmeyer, M.D. ECF No. 10 at 3-4. The findings in this RFC assessment support Plaintiff's claim that she was disabled. *Id.* at 10-14. In referencing Dr. Lipsmeyer's RFC assessment, however, Plaintiff does not cite to any page numbers in the transcript. *Id.* Indeed, this Court has reviewed the transcript in this case and does not find Dr. Lipsmeyer's report in the record. It appears Plaintiff neglected to include

---

[4] Indeed, based upon the transcript, it does not appear Plaintiff received anxiety-related treatment from 2002 until 2007. (Tr. 227-286).

7

this report in the record even though the ALJ gave her ample opportunity to include this information in the transcript, and the ALJ held the transcript open for thirty days to accommodate Plaintiff.[5]  (Tr. 31-33, 191-197).

However, even if this checklist had been included in the record, this RFC assessment appears to be of little evidentiary value because it was merely a checklist form without any supporting medical records.  (Tr. 31-33).  Thus, the ALJ could have properly afforded those findings little weight.  *See Wildman v. Astrue,* 596 F.3d 959, 964 (8th Cir. 2010) (affirming the ALJ's decision to discount a treating physician's opinion because it was conclusory and was given on a checklist form).  Indeed, the ALJ stated the following regarding this form: "The undersigned reviewed the records Ms. Carroll submitted at the hearing and they would not change the decision if received.  The RFC form completed by Dr. Lipsmeyer is not consistent with her office records, particularly her office note dated January 12, 2009 (Exhibit B12F)."  (Tr. 20).  Thus, Plaintiff's first argument regarding the ALJ's RFC determination is without merit.

Second, Plaintiff claims the ALJ did not properly consider her fibromyalgia in combination with her other impairments.  ECF No. 10 at 5, 9-21.  Plaintiff argues, "[t]he lab testing from the rheumatologist support the opinion of Plaintiff's treating physicians [regarding Plaintiff's disabling fibromyalgia] as well as Plaintiff's complaints of chronic pain and swelling of the extremities."  *Id.*  Plaintiff, however, does not provide what "lab testing" supports her subjective complaints.  *Id.*  Indeed, on January 12, 2009, a few months before the administrative hearing in this matter, Plaintiff's treating physician Dr. Lipsmeyer found her lab results were "completely normal."  (Tr. 424).  Dr.

---

[5] The ALJ directed Plaintiff's counsel to electronically add additional documents to the file: "ALJ: That includes those that you've brought today [including the RFC assessment], which *I assume will be electronically added to the file.*"  (Tr. 31) (emphasis added).  It appears, however, that Plaintiff never included these documents as a part of the record.  (Tr. 19-20, 191-197).

8

Lipsmeyer also found that Plaintiff was "improved," stated "that she feels much better," and had a "full range of motion of all the joints." *Id.* Further, the ALJ fully considered Plaintiff's medical records and her fibromyalgia in assessing her RFC and found she was limited to light work partly as a result of her fibromyalgia. (Tr. 14-21, Finding 5). Thus, this Court finds the ALJ properly considered Plaintiff's fibromyalgia, and Plaintiff's second argument on this issue is also without merit.

### C.     Credibility Determination

Plaintiff claims the ALJ improperly evaluated her subjective complaints of disabling pain. ECF No. 10 at 14-16. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[6] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely

---

[6] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with the requirements of *Polaski*. After stating he evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski*, the ALJ then made the following findings: (1) Plaintiff's work history was sporadic and inconsistent; (2) Plaintiff was permitted to return to her normal activities after breast surgery even though she testified she was not released to return to work after that surgery; (3) Plaintiff was able to sit through the entire administrative hearing in this case without visible difficulty, and the hearing lasted over an hour; and (4) Plaintiff's medical records only reflect conservative treatment with medication. (Tr. 20-21). As a part of this analysis, the ALJ also noted that Plaintiff's medical records did not support her allegedly disabling level of pain. *Id.* Accordingly, because the ALJ's credibility determination was supported by "good reasons," it should be affirmed. *See Gregg v. Barnhart,* 354 F.3d 710, 714 (8th Cir. 2003) (holding that "[i]f an ALJ explicitly discredits the claimant's testimony and gives good reasons for

doing so, we will normally defer to the ALJ's credibility determination") (citation omitted).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 5th day of August, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE